802 So.2d 1291 (2002)
LUK-SHOP, L.L.C.
v.
RIVERWOOD LaPLACE ASSOCIATES, L.L.C.
No. 2001-CC-2446.
Supreme Court of Louisiana.
January 4, 2002.
*1292 PER CURIAM.
This per curiam addresses whether plaintiffs claim against defendant is based upon plaintiffs purchase of a litigious right and whether defendant is entitled to terminate the litigation by paying to plaintiff what plaintiff paid to the assignor.
On March 27, 1996 CFSC Capital Corp., XXVII (CFSC) filed suit against Riverwood LaPlace Associates, L.L.C. (Riverwood). The suit sought a judgment against Riverwood for sums allegedly due on promissory notes, mortgage notes, and guaranty agreements, and in connection therewith sought a writ of sequestration to seize the revenues and rents from the Riverwood's shopping center operations. On April 3, 1996, the writ of sequestration was issued in the United States District Court for the Eastern District of Louisiana. On April 9, 1996, Riverwood filed a motion to dissolve the sequestration. Thereafter, Riverwood dismissed its motion to dissolve the writ, without prejudice, on April 30, 1996 (apparently coincident with ongoing settlement negotiations). On June 23, 1996 Riverwood answered the federal lawsuit denying liability on the promissory notes. In September 1996 Riverwood filed a petition in bankruptcy, which resulted in the imposition of an automatic stay of the Federal court suit. Thereafter, on July 8, 1999, CFSC assigned its claims against Riverwood to Luk-Shop L.L.C. (plaintiff in this state court proceeding).
On July 15, 1999, Riverwood emerged from bankruptcy. On October 25, 2000, Luk-Shop filed suit against Riverwood in the 40th Judicial District Court, Parish of St. John the Baptist. Luk-Shop's petition sought judgment on the promissory notes, mortgage notes and guarantee agreements that were assigned by CFSC as well as a writ of sequestration regarding revenues from Riverwood's shopping center. Riverwood responded, claiming entitlement to litigious redemption, seeking to terminate this litigation by paying to Luk-Shop what Luk-Shop paid to its assignor, CFSC.
The trial court found that CFSC'S assignment to Luk-Shop was not the sale of a litigious right because Riverwood had dismissed its motion to dissolve the writ of sequestration in the prior federal court litigation.[1] The trial court held that the "effect of Riverwood's motion to withdraw the writ of sequestration is that the sequestration was no longer contested ... Accordingly, at the time that the assignment in question was confected, CFSC's *1293 suit against Riverwood was uncontested. Therefore, Luk-Shop was not the assignee of a litigious right." The court of appeal denied writs, and Riverwood has sought supervisory review by this court.
Upon consideration, we find error in the trial court's holding as the facts indicate that the assignment from CFSC to Luk-Shop was the sale of a litigious right pursuant to Louisiana Civil Code article 2652.[2]
While the writ of sequestration against Riverwood may not have been in contest in the Federal Court suit at the time of CFSC's assignment to Luk-Shop (it having been dismissed without prejudice), the underlying monetary obligation, i.e. Riverwood's liability on the promissory notes, mortgage notes and guarantee agreements was highly contested in the Federal proceeding. Riverwood did withdraw its motion in federal court to dissolve the writ of sequestration, but Riverwood never withdrew its answer in which it denied liability on the promissory notes. The underlying obligation, the debt, was a litigious right because it was "contested in a suit already filed." La. Civ.Code art. 2652. Thus Riverwood is entitled under La. Civ.Code art. 2652 to extinguish the obligation by paying to Luk-Shop what Luk-Shop paid to CFSC. Once that obligation is extinguished, the state court sequestration and claim on the debt fall. The sequestration is simply a procedural mechanism for enforcing the underlying obligation. Once the underlying obligation is extinguished, there is no remaining claim on the debt, and hence, no valid reason for the sequestration.
For the foregoing reasons, we find that defendant, Riverwood, is entitled to be apprised of the sum that Luk-Shop paid to CFSC for the assignment CFSC'S rights against Riverwood and is entitled to terminate the litigation by paying that amount to Luk-Shop. The district court judgment finding that the CFSC assignment of its claims against Riverwood to Luk-Shop not to be the sale of a litigious right was erroneous and is therefore reversed. The case is remanded to the trial court for further proceedings in this ongoing litigation.
NOTES
[1] The district court's "finding" was a judgment dismissing defendant's exception of litigious redemption. No doubt the exception was an assertion, perhaps in the alternative, expressing a willingness to avoid further proceedings by paying to Luk-Shop the amount that Luk-Shop paid to CFSC pursuant to La. Civ.Code art. 2652.
[2] La. Civ.Code art. 2652 reads as follows:

When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.
A right is litigious, for that purpose, when it is contested in a suit already filed.
Nevertheless, the debtor may not thus extinguish his obligation when the assignment has been made to a co-owner of the assigned right, or to a possessor of the thing subject to the litigious right.